IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERRI THOMPSON, individually and
on behalf of others similarly situated; and
LASHAWN MORGAN, individually and
on behalf of others similarly situated                                PLAINTIFFS

v.                         No. 4:14-cv-294-DPM

DCI Biologicals Little Rock LLC; and
DCI Biologicals Inc.                                                  DEFENDANTS

ORDER

1. Along with the proposed settlement and billing records from plaintiffs' counsel, the parties submitted a letter brief jointly requesting that their settlement be kept confidential and sealed. They point out that arbitration is often private, with the attendant benefits of resolving a dispute behind closed doors. And they say that this Fair Labor Standards Act/Arkansas Minimum Wage Act dispute would have been handled by arbitration in private but for plaintiffs filing suit notwithstanding the parties' arbitration agreement. This last point may well be correct as a practical matter. The parties' arbitration agreement, though, is silent about confidentiality. And even if it had specified a private proceeding, the Court is not sure that a settlement agreement resolving a FLSA arbital proceeding

would be enforceable at law absent a further step.

2. The Court hasn't found any authority on this seeming collision between the Fair Labor Standards Act and the Federal Arbitration Act. The parties cite none. This much is clear: in general, employers and employees can't make enforceable agreements settling wage disputes without approval by a federal court or supervision by the Department of Labor. *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 304–06 (7th Cir. 1986); *Brown v. L & P Industries, LLC*, No. 5:04-cv-379-JLH, № 47 at p. 14; but see *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 253–56 (5th Cir. 2012) "The Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton*, 786 F.2d at 306. Notwithstanding the increasing judicial solicitude for arbitration, e.g., *Stolt-Nielsen S.A. v. Animalfeeds International Corp.*, 559 U.S. 662 (2010), the confidentiality-related benefits of that alternative forum, and the parties' clear joint preference at this point, the better-reasoned FLSA precedent controls.

3. On the merits, apart from the confidentiality, the parties' agreement is imminently fair, reasonable, and adequate. *In re Flight Transportation*

*Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). Each named plaintiff and joining employee appears to be made whole, while the attorney's fees are appropriately modest. The Court approves the settlement conditioned on the parties' consenting to their agreement being unsealed. There's nothing untoward about plaintiffs and plaintiffs' counsel promising, as part of the deal, not to spread the word about the settlement. The problem comes in the confidentiality agreement involving the Court's work.

4. Absent compelling circumstances, this Court should do its business on the public record. *Delock v. Securitas Security Services USA, Inc*, No. 4:11-cv-520-DPM, № 70 at 3–4; *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 621–625 (E.D. Va. 2011). No such circumstances appear of record. This case is the Court's business because both sides sought judicial relief — the plaintiffs on the merits and the defendants on arbitration.

5. Unless one of the parties notifies the Court by 16 September 2014 that unsealing the letter brief and the settlement agreement would mean there is no settlement, the Court will unseal those documents and enter a Judgment dismissing the case with prejudice. The billing records, which contain privileged material and work product, will remain sealed.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*9 September 2014*